UNITED STATES, Appellee

v

LEONARDO P. RELOZA, Staff Sergeant,
U. S. Air Force, Appellant

16 USCMA 389, 37 CMR 9

No. 19,357

November 18, 1966

Lieutenant Colonel William A. Howland, Jr., argued the cause for Appellant, Accused. With him on the brief were Colonel Joseph Buchta and Lieutenant Colonel Andrew S. Horton.

Colonel Emanuel Lewis argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel Robert M. Haynes.

### Opinion of the Court

FERGUSON, Judge:

Convicted of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, the accused was sentenced to bad-conduct discharge and reduction. Intermediate appellate authorities affirmed, and we granted accused's petition for review upon the issue of the propriety of the president's instructions on the effect of character evidence.

Examination of the record discloses the accused, in his defense, introduced substantial evidence of his good character. There was no evidence offered to rebut such proof. Nevertheless, in instructing the members of the court-martial, the president, after properly detailing the consideration to be given the testimony of the character witnesses, declared:

". . . On the other hand, the inference of the innocence to be drawn from such evidence may be more than offset by the prosecution evi-dence of the accused's bad character and by the other evidence in the case tending to establish the accused's guilt." [Emphasis supplied.]

There being no evidence of bad character proffered in the case, under the circumstances here presented, the instruction was prejudicially misleading and erroneous. Cf. United States v Johnson, 3 USCMA 709, 712, 14 CMR 127, 130; United States v Conrad, 15 USCMA 439, 448, 35 CMR 411, 420. Accordingly, we set aside the findings and sentence.

The findings of guilty and sentence are set aside. The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

I am unable to accept the majority

**389**

conclusion that the statement of an incontestable principle was somehow prejudicial to the accused.

It is a truism that the effect of evidence of good character can be "offset" by evidence of bad character. The instruction, therefore, stated a correct principle. True, the prosecution did not present any evidence of bad character, but the president of the court-martial did not say that it had. Under his instructions, the absence of such evidence compelled the court members to "offset" the effect of the accused's evidence of good character only by evidence of his guilt. I would affirm the decision of the board of review.